COLE, ADMR., APPELLANT, *v.* BEALS, APPELLEE.

(Decided May 20, 1940.)

*Mrs. Eva Epstein Shaw,* for appellant.
*Messrs. Boggs & Winchester,* for appellee.

LLOYD, J. On October 26, 1934, Roy Cole became administrator of the estate of his mother, Laura E. Cole, who died insolvent on August 25, 1934.

Prior to her death, she owned a parcel of real estate in Toledo upon which The Metropolitan Life Insurance Company held a mortgage which was foreclosed after her death. Prior thereto, the real estate had been rented to Melvin Beals, who moved therefrom on December 5, 1935, at which time he was in arrears for rent in the sum of $194.65 for which, with interest from December 5, 1935, the administrator sought a judgment. Beals' only defense to the petition of the administrator was a discharge in bankruptcy.

A jury was waived in the Court of Common Pleas, and the judge before whom the action was tried made a finding and entered a judgment in favor of the appellee Beals. From this judgment the administrator appeals to this court on questions of law.

On December 24, 1932, Beals received a letter from Mrs. Cole on a letterhead of The Midland Mortgage

Company advising him that she had retained that company "to act as managing and renting agent of said real estate" and directing him "to make all payments of rentals to said agent, effective from and after this date." Beals acknowledged thereon the receipt of this notice, agreeing to make all rental payments direct to the designated agent. On September 12, 1935, Beals filed a petition in bankruptcy listing the unpaid rentals as a debt owing The Midland Mortgage Company, but no mention was made of Cole in the schedule of creditors, and no notice of the bankruptcy proceedings was sent to or received by the administrator. The estate of Mrs. Cole being admittedly insolvent, all of her property was needed to pay her debts and the costs of the administration of her estate, and the unpaid rentals would therefore be assets to which the administrator would be entitled in the administration of the estate.

So far as the record discloses, The Midland Mortgage Company was agent solely for Mrs. Cole in the collection of the rentals and the management of the real estate, and therefore the agency was not one coupled with an interest, as counsel for Beals contend it was. Since, under the facts in evidence, the unpaid rentals were assets of the Cole estate and were not so listed in the bankruptcy proceedings, Beals was not discharged therefrom by his discharge in bankruptcy, and Cole as administrator, is entitled to a judgment against him for the rentals admittedly unpaid.

The judgment of the Court of Common Pleas is therefore reversed and this court proceeding to enter the judgment which should have been entered by that court, renders judgment for the administrator in the amount claimed by him in his petition.

*Judgment reversed and*
*final judgment rendered.*

CARPENTER and OVERMYER, JJ., concur.